**UNITED STATES of America**

v.

**Darrell GIST, Appellant.**

No. 09–3749.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) May 21, 2010.

Filed: May 26, 2010.

---

John C. Gurganus, Jr., Esq., Office of United States Attorney, Scranton, PA, for United States of America.

Gino Angelo Bartolai, Jr., Esq., Wilkes–Barre, PA, for Appellant.

Before: FUENTES, HARDIMAN and NYGAARD, Circuit Judges.

## OPINION OF THE COURT

HARDIMAN, Circuit Judge.

Darrell Gist appeals his judgment after a jury convicted him of: (1) assault, in violation of 18 U.S.C. § 113(a); (2) possession of an object designed and intended to be used as a weapon, in violation of 18 U.S.C. § 1791(a)(2) and (d)(1)(B); and (3) making a false statement in a matter within United States jurisdiction, in violation of 18 U.S.C. § 1001(a). We will affirm.[1]

I.

Because we write for the parties, we recount only the facts essential to our decision.

Gist attacked a fellow prisoner, Juan Amaya, in a restroom of the United States

---

**1.** The District Court had jurisdiction pursuant to 18 U.S.C. § 3231 and we have appellate jurisdiction under 28 U.S.C. § 1291.

Penitentiary (USP) at Canaan, Pennsylvania. Prior to the attack, Gist used a makeshift knife to inflict superficial puncture wounds on himself. After Amaya left the restroom, Gist fell to the floor in an attempt to pose as the victim of the assault and remained there until prison personnel arrived. Gist refused to identify his alleged attacker when questioned.

Prior to trial, Gist moved to dismiss the indictment, claiming selective and vindictive prosecution. In conjunction with his motion, Gist requested a subpoena requiring production of: "all data relative to USP Canaan's policy and practice concerning referrals for prosecution of inmates for fighting.... In each instance, identify the race of the inmates involved and whether the instance was referred for prosecution." The District Court found that Gist did not make a sufficient showing of selective or vindictive prosecution to warrant discovery and denied Gist's motion to dismiss his indictment.

We review the District Court's denial of discovery in relation to a selective-prosecution claim for abuse of discretion. *United States v. Hedaithy*, 392 F.3d 580, 605 (3d Cir.2004). "An abuse of discretion exists where the district court's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact." *Id.* at 605–06 (quoting *Int'l Union, United Auto., Aerospace and Agric'l Implement Workers v. Mack Trucks, Inc.*, 820 F.2d 91, 95 (3d Cir.1987)). On the merits, "[i]n both vindictive and selective prosecution claims, we review the district court's determinations of fact under the clearly erroneous standard. The district court's application of legal precepts in these claims are given plenary review." *United States v. School-*

*craft*, 879 F.2d 64, 67 (3d Cir.1989) (citations omitted).

## II.

Gist, an African–American, claims selective prosecution based on racial animus. Although prosecutors enjoy wide discretion, they may not prosecute based on a defendant's "race, religion, or other arbitrary classification." *United States v. Armstrong*, 517 U.S. 456, 464, 116 S.Ct. 1480, 134 L.Ed.2d 687 (1996) (citations and quotation marks omitted). To establish that a prosecution is unlawfully discriminatory in this way, "[t]he claimant must demonstrate that the federal prosecutorial policy ha[s] a discriminatory effect and that it [is] motivated by a discriminatory purpose." *Id.* at 465, 116 S.Ct. 1480 (citation and quotation marks omitted). Prosecutors are presumed not to violate equal protection, and a defendant can rebut this presumption only by "clear evidence to the contrary." *Id.* To be entitled to discovery on a selective prosecution claim, a defendant must meet "a correspondingly rigorous standard," *id.* at 468, 116 S.Ct. 1480— that of providing, without discovery, "some evidence tending to show the existence of the discriminatory effect element." *Id.* at 469, 116 S.Ct. 1480. In other words, a defendant must make "a credible showing of different treatment of similarly situated persons." *Id.* at 470, 116 S.Ct. 1480.

■ Here, we find no error in the District Court's decision to deny Gist's discovery request. The evidence in support of Gist's selective prosecution claim consists of affidavits from himself and three other inmates at USP Canaan, alleging in general terms that racial discrimination and selective prosecution are rampant there.[2]

---

2. Gist has also adduced prison records relating to two assaults by non-African-American inmates. Contrary to Gist's previous claim,

the District Court noted that criminal charges were filed in connection with both incidents,

These allegations do not amount to "a credible showing" of discrimination because they are devoid of detail and do nothing to show that prison personnel treated Gist less favorably than similarly situated inmates. More fundamentally, Gist points to no evidence that the prosecutor in his case—the United States Attorney for the Middle District of Pennsylvania—was motivated by any racial animus. Accordingly, the District Court did not abuse its discretion in denying Gist discovery on his claim of selective prosecution.

Having determined that Gist was not entitled to discovery on his claim of selective prosecution on the facts of this case, it follows *a fortiori* that the District Court did not err in denying Gist's motion to dismiss the indictment because of selective prosecution.

### III.

Gist next argues that the District Court erred in denying his motion to dismiss the indictment because of vindictive prosecution. According to Gist, he was prosecuted in retaliation for exercising his right to remain silent when he refused to identify the inmate who attacked him and inflicted his stab wounds.[3] The Supreme Court has held:

> To punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort.... For while an individual certainly may be penalized for violating the law, he just as certainly may not be punished for exercising a protected statutory or constitutional right.

*United States v. Goodwin,* 457 U.S. 368, 372, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982)

and Gist does not challenge this finding on appeal.

**3.** Gist does not complain that he was not informed of his *Miranda* rights, and the rec-

(citation and quotation marks omitted). "The defendant bears the initial burden of proof in a vindictive prosecution claim and is required to establish the appearance of vindictiveness. The burden then shifts to the prosecution to show that the prosecutor's decision to prosecute was justified." *Schoolcraft,* 879 F.2d at 68.

Gist claims he made a threshold showing of vindictiveness through his affidavit stating that prison staff threatened him with punishment if he refused to speak about the circumstances surrounding his stabbing and/or the identity of the perpetrator. We disagree for two independent reasons. First, prison officials suspected that Gist's wounds were self-inflicted, so any threats were consistent with punishing Gist for violating the law rather than for exercising his right to remain silent. *Cf. Goodwin,* 457 U.S. at 372, 102 S.Ct. 2485. Second, as was the case with Gist's selective prosecution claim, his argument that prison officials threatened him with retaliation sheds no light on whether the United States Attorney's Office prosecuted him with a retaliatory motive. Accordingly, the District Court did not err in denying Gist's motion to dismiss for vindictive prosecution.

### IV.

In sum, because Gist has failed to show that he was prosecuted because of racial animus or the exercise of legally protected rights, we will affirm his judgment of conviction.

ord does not indicate whether he was so informed. We do not address the question of whether prison staff were required to do so here.